1  **LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
2  555 University Avenue, Suite 270
3  Sacramento, California 95825
Telephone: (916) 444-5678
4

5  Attorney for Plaintiff
Michael McCormack

6

7  UNITED STATES DISTRICT COURT

8  EASTERN DISTRICT OF CALIFORNIA

9

10  MICHAEL MCCORMACK,                                    NO.

11             Plaintiff,

12        vs.                                            **COMPLAINT FOR DAMAGES**

13  COUNTY OF SACRAMENTO; Sacramento        Violation of Federal & State Civil Rights
County Sheriff's Deputy SEAN WOODWARD     Statutes; Additional State Law Claims
14  (Badge #141); and DOES 1-10, inclusive,    (Battery, Negligence); Entity Liability;
                                                Punitive Damages; and Attorneys' Fees
15             Defendants.                        Requested

16  _____/

17                                                **JURY TRIAL DEMANDED**

18

19        Plaintiff MICHAEL MCCORMACK complains and alleges as follows:

20        1.      On July 6, 2015, while Plaintiff was being booked into the Sacramento County

21  Jail, Deputy Sean Woodward slammed Plaintiff's head in to the wall while other deputies and

22  supervising officers stood by and failed to prevent this unlawful use of force despite having the

23  opportunity to do so.

24                                        **PARTIES**

25        2.      During all times mentioned in this Complaint, Plaintiff Michael McCormack

26  was, and is, a United States citizen.

27        3.      Deputy Sean Woodward was, during all times mentioned herein, a Sacramento

28  County sheriff's deputy working at the Sacramento County Main Jail.

McCormack- Complaint for Damages              1

4.      Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

5.      The true names and identities of Does 1 through 10 are presently unknown to plaintiff. Plaintiff alleges on information and belief that each of Does 1 through 10 was a correctional officer or supervising officer employed by the County of Sacramento and/or the County of Sacramento Sheriff's Department and working at the jail during the time of these incidents. Defendant Does 1 through 10 failed to prevent the unlawful use of force against Plaintiff by Deputy Woodward by either failing to intervene, despite being in the immediate vicinity at the relevant time and having the opportunity to do so, or by failing to adequately train and/or supervise subordinate deputies so as to prevent unlawful uses of force such as alleged from occurring. Plaintiff will seek to amend this complaint a soon as the true names and identities of Does 1 through 10 have been ascertained.

6.      The individual defendants named herein engaged in all acts or omissions alleged under color of state law.

## EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

7.      As a precondition to the state law claims alleged in this action, Plaintiff filed a timely government tort claim with the County of Sacramento regarding the arrest and assault and the related injuries on or about January 4, 2016.

8.      Forty-five days have passed since that claim was filed. The claim is deemed rejected as a matter of law.

## FACTUAL ALLEGATIONS

9.      On July 6, 2015, Plaintiff was being booked into the Sacramento County Jail.

10.     During the booking process, without provocation or cause, Deputy Woodward forcefully slammed Plaintiff's head against a wall. Some of Defendant Does 1-10 were in the immediate vicinity of Plaintiff and Deputy Woodward when this occurred and failed to intervene, despite having an opportunity to prevent the unlawful use of force from occurring by intervening.

McCormack- Complaint for Damages              2

11.     Plaintiff suffered a laceration on his right temple that required 10 sutures. Plaintiff also suffered a concussion requiring follow-up care. The concussion caused further medical complications that lasted for more than a month. Plaintiff was unable to work for a period of time due to the concussion and continued to suffer physical and mental symptoms from the concussion.

12.     All criminal charges against Plaintiff were subsequently dismissed.

13.     The County of Sacramento has a custom, practice, or policy of inadequately training and supervising its employees and/or agents so as to prevent unlawful uses of force in the booking area of the Sacramento County Main Jail. This custom, practice or policy of inadequately training and supervising employees and/or agents in the booking area directly caused the acts and/or omissions of Deputy Woodward and Defendant Does 1-10 as described herein. The use of excessive force is tolerated and/or tacitly approved in the booking area. This custom, practice or policy exists for the purpose of intimidating arrestees in order to create lasting fear throughout the duration of their incarceration at the jail.

**FIRST CAUSE OF ACTION**
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Against Defendants Woodward and Does 1-10)*

14.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13, as though fully set forth herein.

15.     The actions of Defendants, as alleged herein, interfered with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, Defendants, and each of them, interfered with Plaintiff's rights when Deputy Woodward, using unjustified force, slammed Plaintiff's head into the wall without cause or provocation, and Defendant Does 1-10 failed to intervene despite having the opportunity to intervene.

16.     As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, medical expenses, emotional distress and other injuries.

McCormack- Complaint for Damages                    3

17.     The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.  Wherefore, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Unreasonable Seizure/Excessive Force
### (Violation of the Cal. Constitution Art. I §§ 1, 7, 13 and Cal. Civil Code § 43: Actionable under Cal. Civil Code § 52.1(b)/Bane Act)
*(Against Defendants Woodward and Does 1-10)*

18.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17, as though fully set forth herein.

19.     The actions of Defendants, as alleged herein, interfered with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by Article I §§ 1, 7 and 13 of the California Constitution. Specifically, Defendants, and each of them, interfered with Plaintiff's rights when Deputy Woodward, using unjustified force, slammed Plaintiff's head into the wall without cause or provocation, and Does 1-10 failed to intervene despite having the opportunity to do so.

20.     Defendants' actions constituted an unreasonable seizure, an excessive use of force, a violation of Plaintiff's right to bodily integrity, and further interfered with Plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

21.     As a direct and proximate result of said acts and/or omissions by Defendants, Plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, medical expenses, emotional distress and other injuries.

22.     The aforementioned acts and/or omissions of said Defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages. Wherefore, Plaintiff prays for judgment as set forth below.

////

////

////

McCormack- Complaint for Damages                4

1

2

## THIRD CAUSE OF ACTION
### Battery – California State Law
*(Against Defendants Woodward and County of Sacramento)*

3

4

23.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22, as though fully set forth herein.

5

6

7

8

24.     The conduct of Deputy Woodward in slamming Plaintiff's head into the wall without cause or provocation caused Plaintiff to suffer serious injuries. Deputy Woodward's conduct was wrongful, intentional, and done with willful disregard for Plaintiff's rights. This brutal use of force constituted a battery.

9

10

25.     Said conduct was a proximate cause of Plaintiff's damages and injuries as alleged herein.

11

12

26.     Defendant County of Sacramento is vicariously liable for the conduct of its employees or agents and all individual Defendants named herein, including Deputy Woodward.

13

14

15

## FOURTH CAUSE OF ACTION
### Entity Liability for Failure to Adequately Train and Supervise and/or Unconstitutional Policy of Failing to Adequately Train and Supervise
*(Against Defendant County of Sacramento)*

16

17

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26, as though fully set forth herein.

18

19

20

21

22

23

24

28.     The acts and/or omissions of Deputy Woodward and Defendant Does 1-10 in using excessive force against Plaintiff or in failing to prevent the excessive force used against Plaintiff were the direct and proximate result of customs, practices, or policies of County of Sacramento of inadequately training and supervising employees and/or agents to prevent the occurrence of unlawful uses of force such as alleged herein and/or failing to promulgate appropriate policies or procedures or take other measures to prevent unlawful uses of force such as alleged herein.

25

26

27

29.     As a direct and proximate result of the aforementioned customs, practices, policies and/or procedures, or as a result of Defendant's failure to promulgate appropriate policies or procedures, Plaintiff suffered the damages alleged herein.

28

////

McCormack- Complaint for Damages                    5

## FIFTH CAUSE OF ACTION
### Negligence – California State Law
*(Against All Defendants)*

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29, as though fully set forth herein.

31.     Defendants, and each of them, owed Plaintiff, who was in their physical custody and control at the Sacramento Main Jail, a duty of care. Specifically, Defendants had a duty to refrain from unlawfully and wrongfully subjecting persons, including Plaintiff, to excessive force. Defendants, and each of them, breached their duties of care to Plaintiff. Deputy Woodward breached his duty of care when he slammed Plaintiff's head into the wall without cause or provocation and Does 1 through 10 were negligent in failing to intervene to prevent the unlawful use of force, despite having the opportunity to do so, or in failing to adequately train and supervise subordinate deputies so as to prevent unlawful uses of force such as alleged herein.

32.     Defendants, and each of them, breached their duties of care owed to Plaintiff, causing Plaintiff injury. As a direct and foreseeable result of Defendants' negligent acts Plaintiff suffered injuries. Wherefore, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     For compensatory, general and special damages against each Defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial;

2.     For punitive and exemplary damages against each non-entity Defendant, as allowed by law, in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

3.     For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. §1988 and Cal. Civil Code § 52.1;

4.     For costs of the suit; and

5.     For such other relief as the Court deems just and proper.

McCormack- Complaint for Damages                6

Dated: June 10, 2016                                    Respectfully submitted,


                                                        /s/ Stewart Katz
                                                        Stewart Katz,
                                                        Attorney for Plaintiff


### DEMAND FOR TRIAL BY JURY

Plaintiff Michael McCormack hereby demands trial by jury.


Dated: June 10, 2016

                                                        /s/ Stewart Katz
                                                        Stewart Katz,
                                                        Attorney for Plaintiff

McCormack- Complaint for Damages                7